Upon review of the competent evidence of record with respect to the errors assigned, the Full Commission finds good grounds to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 *********** MOTIONS
Plaintiffs Motion to Strike the medical records from Drs. Mangundayao and Meiden and testimony from plaintiff concerning that treatment is DENIED. There is insufficient evidence of record that the medical records were obtained unlawfully.
Plaintiffs Motion to Add Plaintiffs Exhibits numbered 1 through 6 to the record is GRANTED. The record is hereby amended to include the following exhibits:
1. Medical records of Dr. Felizardo Mangundayao and Dr. Gregory Meiden with fax cover sheets from Melody at Builders Mutual Ins. Co.;
2. Plaintiffs counsels letter to Deputy Commissioner Bain Jones dated 7 September 1999;
3. Defendants counsels letter to Deputy Commissioner Bain Jones dated 8 September 1999;
4. Plaintiffs counsels letter to Deputy Commissioner Bain Jones dated 10 September 1999;
5. The Order by Deputy Commissioner Bain Jones dated 28 September 1999; and
6. Medical Record of Dr. Vincent Paul dated 13 August 1999.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff-employee and defendant-employer.
3. Wolfe Construction Company was a General Contractor and was responsible for maintaining the workers compensation insurance with its carrier. Builders Mutual Insurance is the carrier on risk.
4. A Form 22 Statement of Days Worked and Earnings of Injured Employee and documentation relating to payments of wages have been submitted from which an average weekly wage will be determined.
5. Plaintiffs medical records were stipulated into evidence as Stipulated Exhibit 1.
6. The issues that were before the Deputy Commissioner were: (i) did plaintiff sustain an injury by accident on 24 May 1999; (ii) if so, what compensation, if any, is due plaintiff; and (iii) is plaintiffs claim barred by G.S. 97-12.
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the evidentiary hearing, plaintiff was thirty-eight years old. He is a high school graduate. Plaintiff was employed by Heerschap Masonry as a brick foreman earning twenty dollars per hour.
2. On 24 May 1999, plaintiff fell from a scaffold and landed on his right arm and buttocks.
3. Plaintiff initially did not wish to receive medical treatment but was encouraged by his co-workers to see a doctor.
4. Jerome Davis, M.D., treated plaintiff following the alleged 24 May 1999 incident. Plaintiff reported that he had fallen off a five foot scaffold at work and had severe pain in his right wrist and hand and pain in his lower back. Dr. Davis initially diagnosed plaintiff with lumbar strain and right wrist strain. A CT scan was negative for the neck but positive for a herniated disk at L4-5 in plaintiffs low back. Based upon the history presented to him by plaintiff, Dr.Davis opined and the Full Commission finds that plaintiff sustained a herniated disc as a result of his fall from the scaffold on 24 May 1999.
5. Dr. Davis authorized plaintiff to be out of work from 24 May 1999 through 28 July 1999. Plaintiff has been financially unable to obtain further necessary medical treatment.
6. Sometime between 24 May 1999 and 28 July 1999, plaintiff worked for four days for his father, a brick mason. This temporary, somewhat gratuitous employment did not demonstrate plaintiffs ability to compete with others for wages.
7. On 7 July 1999, plaintiff sought treatment from H. Bryan Noah, M.D., at High Point Orthopaedic Sports Medicine, Inc. Dr. Noah restricted plaintiff to minimal bending and lifting for six weeks.
8. On 13 August 1999, plaintiff was examined by Vincent E. Paul, M.D., at Guilford Orthopaedic and Sports Medicine Center. Dr. Paul diagnosed a large herniated disc at the L4-5 and recommended that plaintiff undergo a two level ray discectomy and fusion.
9. As a result of his injury and the resulting pain and need for further medical treatment, including surgery, plaintiff has been unable to return to gainful employment since 24 May 1999.
10. Having weighed the testimony of plaintiffs witnesses, and witnesses for defendants, the Full Commission gives greater weight to plaintiffs evidence and finds plaintiffs claim to be credible.
11. Plaintiff did not intentionally try to hurt himself when he fell from the scaffold.
12. The fact that plaintiff complained of back pain and took prescription medicine for that pain before he fell from the scaffold does not, under the totality of the circumstances, negate plaintiffs credibility in this case.
13. Defendants have not unreasonably defended this claim.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
 CONCLUSIONS OF LAW
1. On 24 May 1999, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. Plaintiffs injury was not proximately caused by any willful intention to injure himself. G.S. 97-2(6), 97-12.
2. Plaintiffs average weekly wage was $350.00, yielding a compensation rate of $233.33. G.S. 97-2(5).
3. Plaintiff is entitled to receive total disability benefits at the compensation rate of $233.33 beginning 24 May 1999 and continuing until plaintiff returns to work or until further order of the Commission. G.S.97-29.
4. Plaintiff is entitled to have defendants pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, give relief, or tends to lessen plaintiffs period of disability. G.S. 97-25.
5. Defendants have not unreasonably defended this claim and plaintiff is not entitled to attorneys fees. G.S. 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to an attorneys fee hereinafter provided, defendants shall pay plaintiff compensation benefits at the rate of $233.33 per week beginning 24 May 1999 and continuing until plaintiff returns to work or until further order of the Commission. Any accrued amount shall be paid to plaintiff in a lump sum, subject to a reasonable attorneys fee approved in Paragraph 3 of this Award.
2. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief, or lessen plaintiffs period of disability.
3. A reasonable attorneys fee in the amount of twenty-five percent of the compensation awarded for plaintiff is approved for plaintiffs counsel. The attorneys fee shall be deducted from the compensation due plaintiff and shall be paid directly to plaintiffs counsel.
4. Defendants shall pay the costs.
 S/___________________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________________ LAURA K. MAVRETIC COMMISSIONER